IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VINCENT BERNARD DICKEY | ) | |
| | ) | |
| v. | ) | 3-06-CV-1973-M |
| | ) | |
| NATHANIEL QUARTERMAN, Director, | ) | |
| Texas Department of Criminal Justice | ) | |
| Correctional Institutions Division | ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS**:

**Type Case**: This is a petition for habeas corpus relief filed by a State inmate pursuant to 28 U.S.C. § 2254.

**Parties**: Petitioner is an inmate confined at the Michael Unit of the Texas Department of Criminal Justice, Correctional Institutions Division at Tennessee Colony, Texas, serving a conviction for the offense of escape.

Respondent is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

**Statement of the Case**: Upon his plea of not guilty to the offense of escape as charged in the indictment returned in Cause No. 22,654 Petitioner was tried for the offense of felony escape at the conclusion of which the jury found him guilty. In the punishment phase the jury assessed punishment at a term of life imprisonment. Petitioner effected a direct appeal and on March 14, 2006, his conviction was affirmed in an unpublished opinion delivered by the Sixth Court of

Appeals at Texarkana. Dickey did not file a petition for discretionary review, but on May 16, 2006, he filed an application for habeas corpus relief pursuant to art. 11.07, Texas Code of Criminal Procedure. On July 12, 2006, the Court of Criminal Appeals denied his application without written order. Thereafter Petitioner filed the instant § 2254 petition and in response to this court's show cause order Respondent filed his answer and copies of the prior state proceedings from Dickey's criminal conviction.

**Findings and Conclusions**: In his first ground for relief Dickey alleges that he was denied the effective assistance of counsel by his trial attorney. Specifically he claims that his attorney failed to present evidence that at the time of the escape from custody Petitioner was suffering from the effects of low blood sugar, i.e. hypoglycemia, which he claims constitutes evidence of involuntary intoxication.

It is not entirely clear whether involuntary intoxication is an affirmative defense to the alleged criminal offense, See e.g. Mendenhall v. State, 155 S.W.3d 560 (Tex.App. - Waco 2000) aff'd at 77 S.W.3d 815, 818 (Tex.Crim.App. 2002). Specifically, in order to constitute an affirmative defense, it must be shown that "the defendant, as a result of a severe mental defect caused by involuntary intoxication, did not know that his conduct was wrong." (Emphasis added).

In order to establish ineffective assistance of counsel, a habeas petitioner must establish that his counsel was not providing the minimum representation required under the Sixth Amendment ("cause") and that as a result of counsel's deficient representation there exists a reasonable possibility that the result of the proceeding would have been different ("prejudice"). A failure to establish either prong forecloses relief. Strickland v. Washington, 466 U.S. 668, 687 and 697, 104 S.Ct. 2052 (1984).

Dickey's conclusory and self-serving statements in his petition are insufficient to raise a cognizable claim for relief.  See e.g. Ross v. Estelle, 694 F.2d 1008, 1011-12 (5th Cir. 1983).  In neither his art. 11.07 application nor in his § 2254 petition has he presented any corroborating evidence that he was taking medication for a diabetic condition on the date of his escape or any statement from a medical expert opining that any such medication materially affected his ability, at that time, to know that his escape from custody was wrong.  Aside from the conclusory nature of his claim it is clear that he has failed to satisfy the "prejudice" prong of the Strickland text.

In his second ground Dickey attacks the sufficiency of the evidence to sustain the jury's verdict of guilty.  As reflected in the state record, this ground was raised in the context of his direct appeal.  See Appellant's brief at Points of Error Numbers One and Two.  The record also reflects that the intermediate appellate court found these points to be without merit.  See No. 06-05-00092-CR, unpublished opinion at 3-11.  Petitioner did not file a petition for discretionary review in the Texas Court of Criminal Appeals.  See petition at 3, ¶ 9; see also Exhibit A to Respondent's answer.  Therefore, this basis for relief was not exhausted in the course of his direct appeal.

It is well settled that a sufficiency of the evidence claim is not cognizable in a state post-conviction art. 11.07 application.  See Ex Parte Grisby, 137 S.W.3d 673, 674 (Tex.Crim.App. 2004); West v. Johnson. 92 F.3d 1385, 1398, n. 18 (5th Cir. 1996); and Rehz v. Scott, 28 F.3d 431, 432 (5th Cir. 1994).  Therefore, merits review of this claim is procedurally barred.

Moreover, even if this ground were not otherwise procedurally barred this ground is without merit.  Sufficiency of the evidence claims are governed by the Supreme Court's opinion in Jackson v. Virginia, 443 U.S. 307, 319.  Specifically, in deciding such an issue the court must determine whether "after viewing the evidence in the light most favorable to the prosecution, any rational trier

3

of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. at 319 (Emphasis in the original). The elements of the criminal offense at issue are determined by state law. Id. at 324.  As noted above, this issue was raised in Petitioner's direct appeal and the Sixth Court of Appeals thoroughly examined the elements of the offense under Texas state law and the evidence which supported the jury's verdict and rejected his points of error on the merits.  See No. 06-05-00092-CR, opinion at 3-9.

In this third and final ground for relief Dickey alleges error in the trial court's jury charge in the guilt-innocence phase of his trial.  A petitioner who claims error in the court's instructions must discharge a heavy burden, i.e. that the presence or absence of an instruction so infected the entire trial that the resulting conviction violates "due process."  See Estelle v. McGuire, 502 U.S. 62, 72-73 (1991) (collecting cases).  As with his second ground this issue was raised in his direct appeal and was rejected by the Sixth Court of Appeals No. 06-05-00092-CR, opinion at 11-13.

Finally, although the undersigned is of the opinion that the Court of Criminal Appeals' disposition of the grounds raised in this petition was correct, 18 U.S.C. § 2254(d)(1) and (2) preclude the granting of federal habeas corpus relief unless either one or both of the prerequisites of these provisions have been satisfied.  It is clear that Dickey has not met these requirements.

**RECOMMENDATION**:

For the foregoing reasons it is recommended that the petition be denied and dismissed.

A copy of this recommendation shall be transmitted to Petitioner and counsel for the

4

Respondent.

SIGNED this 19th day of March, 2007.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

## **NOTICE**

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a de novo determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.